IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Yousif Abdullah Al-Rubaish, *et al.*, | ) <br> ) <br> ) |
| Petitioners, | ) <br> ) |
| v. | )    Civil No. 05-cv-1714-RWR <br> ) |
| GEORGE W. BUSH, *et al.*, | ) <br> ) <br> ) |
| Respondents. | ) <br> ) |

## PETITIONERS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

Respondents' Opposition have not provided either new law or new evidence that would necessitate this Court from once again entering a modest order to require the government to give thirty days' advance notice to Petitioners' counsel of any intended removal from Guantanamo. The identical order that Petitioners hereby seek has been issued in other cases since at least March 2005 and the Respondents have yet to produce any evidence that such notice has prejudiced the government in any way with fighting the war on "terrorism."

The two affidavits the Respondents attached to their opposition papers are from Messrs. Prosper and Waxman. The Prosper affidavit is dated March 8, 2005 and is the same affidavit submitted in the El-Banna and Abdullah cases in which the Respondents attempted unsuccessfully to prevent this court from entering an order giving the Petitioners' 30 days' advance notice of a transfer from Guantanamo. The Waxman affidavit is dated June 2, 2005 and adds nothing of significance to his earlier affidavits dated March 8, 2005 and March 16, 2005 which have already been submitted in connection with various habeas petitions pending in this Court.

The Prosper and Waxman affidavits confirm that respondents have transferred several prisoners without giving notice to the court or the prisoners' counsel. Moreover, neither the affidavits nor the opposition papers speak to the issue that habeas counsel needs notice in order to protect his client.

The Respondents, as they have done so in previous oppositions to motions for preliminary injunctions, argue that judicial review, as exemplified by an advance notice requirement, causes separation-of powers harm by undermining the ability of the Executive Branch to speak with one voice in its dealings with foreign nations. This line of thinking is no doubt intended to frighten the court into inaction, a tactic Respondents unsuccessfully employed at the Supreme Court in Rasul. Judge Roberts spoke to this issue in his Memorandum Order filed in the El-Banna case on April 8, 2005.

The court in Rasul held that "What is presently at stake is only whether the federal courts have jurisdiction to determine the legality of the Executive's potentially indefinite detention of individuals who clam to be wholly innocent of wrongdoing. Answering that question in the affirmative, we reverse..and remand for the District Court to consider in the first instance the merits of petitioners' claims." Rasul v. Bush, 124 S. Ct. 2686, 2698 (2004). The merits of these claims can only be considered if counsel is permitted to function in the normal fashion which is what the order sought here will allow.

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

The motion for preliminary injunction should be granted. If there is to be any doubt the court need only consider that the condition imposed on the proponent of the stay is neither heavy nor unexpected and imposing a protective condition is well within a court's discretion.

Dated: November 28, 2005                Respectfully submitted,

                                        Counsel for Petitioners:

                                        _____
                                        Michael Rapkin
                                        Law Offices of Michael Rapkin
                                        California State Bar No. 67220
                                        1299 Ocean Avenue, Suite 900
                                        Santa Monica, California 90401
                                        Tel: (310) 656-7880
                                        Fax: (310) 656-7883


*Of Counsel*
Barbara Olshansky (NY0057)
Tina Monshipour Foster (NY5556)
Gitanjali S. Gutierrez (NY1234)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499