IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **YOUSIF ABDULLAH AL-RUBAISH, et al.,** ) | |
| ) | |
| **Petitioners,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 05-1714 (RWR)** |
| ) | |
| **GEORGE W. BUSH,** ) | |
| **President of the United States, *et al.*,** ) | |
| ) | |
| **Respondents.** ) | |

## RESPONDENTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING RELATED APPEALS

Respondents hereby submit this reply memorandum in support of their motion to stay proceedings pending related appeals in the above-captioned case.

## ARGUMENT

**I.    The Court Has the Authority to Grant a Stay at This Stage of the Proceedings.**

As a preliminary matter, there is nothing in the habeas statute that constrains the Court's broad authority to provide for an orderly schedule and otherwise manage habeas proceedings to further an efficient expenditure of litigation resources. Indeed, pursuant to the Rules Governing Section 2254 Cases in the United States District Courts (the "2254 Rules"),[1] a court may extend

---

[1] The 2254 Rules are applicable to petitions for writ of habeas corpus other than those arising under 28 U.S.C. § 2254, such as the petitions in this case. See 2254 Rule 1(b) ("In applications for habeas corpus in cases not covered by subdivision (a) [involving persons in state custody], these rules may be applied at the discretion of the United States district court."); Castillo v. Pratt, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) ("The Supreme Court intended the 2254 Rules to apply to petitions filed under § 2241."); Ukawabutu v. Morton, 997 F. Supp. 605, 608 n.2 (D.N.J. 1998) (The 2254 Rules "apply to petitions filed pursuant to 28 U.S.C. § 2241 as well as 28 U.S.C. § 2254."); Wyant v. Edwards, 952 F. Supp. 348, 352 (S.D. W.Va. 1997) ("[T]he Court has concluded that the § 2254 Rules were intended to apply to § 2241 cases . . ."); Hudson v. Helman, 948 F. Supp. 810, 811 (C.D. Ill. 1996) ("Thus, while the instant Petition is

the deadline for responses to habeas petitions beyond the time limits set forth in 28 U.S.C.

§ 2243 — the 2254 Rules do not indicate a fixed deadline for responding to habeas petitions, and

they supersede the time limits set forth in 28 U.S.C. § 2243.  Rule 4 provides that the judge shall

"order the respondent to file an answer, motion or other response within a fixed time, or to take

other action the judge may order."  See also Bleitner v. Welborn, 15 F.3d 652, 653-54 (7th Cir.

1994) ("[T]he Rules Governing Section 2254 Cases in the United States District Courts, which

have the force of a superseding statute, 28 U.S.C. § 2072(b) . . . loosened up the deadline for

responses.  Rule 4 leaves it up to the district court to fix the deadline."); Castillo v. Pratt, 162 F.

Supp. 2d 575, 577 (N.D. Tex. 2001) (denying § 2241 petitioner's request for expedited

consideration because "[t]he discretion afforded by Rule 4 of the 2254 Rules "prevails" over the

strict time limits of 28 U.S.C. § 2243"); Kramer v. Jenkins, 108 F.R.D. 429, 431 (N.D. Ill. 1985)

(denying § 2241 petitioner's motion for correction of court scheduling order because "in the

conflict between Rule 4 of the 2254 Rules and 28 U.S.C. § 2243, Rule 4 must prevail").

Furthermore, the 2254 Rules have provided courts with the discretion to consider the burdens

involved in filing responses to habeas petitions when implementing case management schedules.

See Advisory Committee Notes to 2254 Rules; see also Lonchar v. Thomas, 517 U.S. 314, 325

(1996) (stating that the 2254 Rules confer "ample discretionary authority" on district courts "to

tailor the proceedings" in habeas cases).  Thus, this Court has the authority to grant a stay of

proceedings at this juncture.  See Landis v. North American Co., 299 U.S. 248, 254-55 (1936)

---

brought pursuant to 28 U.S.C. § 2241, not 28 U.S.C. § 2254, and involves a prisoner in federal
custody, the Rules Governing Section 2254 Cases may still be applied here."); Kramer v.
Jenkins, 108 F.R.D. 429, 431 (N.D. Ill. 1985) ("[A]lthough [petitioner's] petition is under section
2241, and not section 2254, the court may properly apply Rule 4 of the 2254 Rules.").
Petitioners have presented no authority to the contrary.

("The power to stay proceedings is incidental to the power inherent in every court to control the

disposition of the causes on its docket with economy of time and effort for itself, for counsel, and

for litigants."); id. at 256 (noting propriety of stay in cases "of extraordinary public moment").

**II.     A Stay of Proceedings Is Appropriate.**

There is no dispute that the resolution of the appeals of the decisions of Judges Leon and

Green in Khalid v. Bush, Nos. 04-CV-1142 (RJL), 355 F. Supp.2d 311 (D.D.C. 2005), appeals

docketed, Nos. 05-5062, 05-5063 (D.C. Cir. Mar. 2, 2005), and In re Guantanamo Detainee

Cases, 355 F. Supp.2d 443 (D.D.C. 2005), petition for interlocutory appeal granted, No. 05-8003

(D.C. Cir. Mar. 10, 2005), will address the core issues in the Guantanamo detainee habeas cases

and, thus, determine how these cases should proceed, if at all.[2]  Thus, it would be a wasteful

expenditure of resources to proceed with litigation regarding the alleged rights of detainees at

Guantanamo Bay when the law governing any such rights is presently in dispute and will be

resolved by the Court of Appeals on an expedited basis.  Several Judges of this Court, including

Your Honor, have already recognized as much, and generally stayed proceedings in Guantanamo

detainee habeas cases pending before them.[3]  Consistent with this approach, proceedings in the

---

[2] Oral Argument before the D.C. Circuit in these cases was held on September 8, 2005.

[3] See, e.g. Ahmed v. Bush, No. 05-CV-0665 (RWR) (dkt. no. 16); Adem v. Bush, No. 05-CV-0723 (RWR) (dkt. no. 13);  Deghayes v. Bush, No. 04-CV-2215 (RMC) (dkt. no. 7); Saib v. Bush, 05-CV-1353 (RMC); Mangut v. Bush, No. 05-CV-1008 (JDB) (dkt. no. 2); Salaam v. Bush, No. 05-CV-1013 (JDB) (dkt. no. 2);  Al Mohammed v. Bush, No. 05-CV-0247 (HHK) (dkt. no. 18); El-Mashad v. Bush, No. 05-CV-0270 (JR) (dkt. no. 29); Al-Adahi v. Bush, No. 05-CV-0280 (GK) (dkt. no. 35); Al Joudi v. Bush, No. 05-CV-0301 (GK) (dkt. no. 26); Al-Wazan v. Bush, No. 05-CV-0329 (PLF) (dkt. no. 15); Al-Anazi v. Bush, No. 05-CV-0345 (JDB) (dkt. no. 21); Alhami v. Bush, No. 05-CV-0359 (GK) (dkt. no. 20); Ameziane v. Bush, No. 05-CV-0392 (ESH) (dkt. no. 12); Sliti v. Bush, No. 05-CV-0429 (RJL) (dkt. no. 8); M.C. v. Bush, No. 05-CV-0430 (ESH) (dkt. no. 10); Kabir v. Bush, No. 05-CV-0431 (RJL) (dkt. no. 10); Qayed v. Bush, No. 05-CV-0454 (RMU) (dkt. no. 4); Al-Shihry v. Bush, No. 05-CV-0490 (PLF) (dkt. no. 14);

3

above-captioned case should also be stayed pending the resolution of the appeals of <u>Khalid, et al.</u>

and <u>In re Guantanamo Detainee Cases</u>.[4]

Petitioners' dismissive treatment of the needless expenditure of judicial and litigation

resources that would result from additional proceedings in this case ignores the cascade effect

that would follow from not staying the case. <u>See</u> Pet's Opp. at 4. Presently, there are more than

170 habeas cases pending on behalf of well over 250 detainees at Guantanamo Bay; the majority

of those cases and petitioners were not subject to the decisions of Judges Leon and Green in

<u>Khalid, et al.</u> and <u>In re Guantanamo Detainee Cases</u>. A decision to allow proceedings to go

forward pending the resolution of the appeals could precipitate a chain reaction — the scores of

petitioners in other pending and future Guantanamo Bay detainee habeas cases, seeking parity of

treatment, would request the Court to allow additional proceedings in those cases, perhaps even

---

<u>Aziz v. Bush</u>, No. 05-CV-492 (JR) (dkt. no. 16); <u>Qassim v. Bush</u>, No. 05-CV-0497 (JR) (dkt. no. 14); <u>Al-Oshan v. Bush</u>, No. 05-CV-0520 (RMU) (dkt. no. 12); <u>Tumani v. Bush</u>, No. 05-CV-0526 (RMU) (dkt. no. 5); <u>Al-Oshan v. Bush</u>, No. 05-CV-0533 (RJL) (dkt. no. 6); <u>Al Shamri v. Bush</u>, No. 05-CV-0551 (RWR) (dkt. no. 10); <u>Salahi v. Bush</u>, No. 05-CV-0569 (JR) (dkt. no. 8); <u>Mammar v. Bush</u>, No. 05-CV-0573 (RJL) (dkt. no. 5); <u>Al-Sharekh v. Bush</u>, No. 05-CV-0583 (RJL) (dkt. no. 9); <u>Magram v. Bush</u>, No. 05-CV-0584 (CKK) (dkt. no. 9); <u>Al Rashaidan v. Bush</u>, No. 05-CV-0586 (RWR) (dkt. no. 10); <u>Mokit v. Bush</u>, No. 05-CV-0621 (PLF) (dkt. no. 13); <u>Al Daini v. Bush</u>, No. 05-CV-0634 (RWR) (dkt. no. 10); <u>Battayav v. Bush</u>, No. 05-CV-0714 (RBW) (dkt. no. 12);; <u>Hamlily v. Bush</u>, No. 05-CV-0763 (JDB) (dkt. no. 10); <u>Imran v. Bush</u>, No. 05-CV-0764 (CKK) (dkt. no. 6); <u>Hamamy v. Bush</u>, No. 05-CV-0766 (RJL) (dkt. no. 6); <u>Hamoodah v. Bush</u>, No. 05-CV-0795 (RJL) (dkt. no. 13); <u>Rahmattullah v. Bush</u>, No. 05-CV-0878 (CKK) (dkt. no. 3); <u>Nasrat v. Bush</u>, No. 05-CV-0880 (ESH) (dkt. no. 4); <u>Slahi v. Bush</u>, No. 05-CV-0881 (RWR) (dkt. no. 5); <u>Chaman v. Bush</u>, No. 05-CV-0887 (RWR) (dkt. no. 7); <u>Gul v. Bush</u>, No. 05-CV-0888 (CKK) (dkt. no. 3); <u>Basardh v. Bush</u>, No. 05-CV-0889 (ESH) (dkt. no. 4); <u>Shaaban v. Bush</u>, No. 05-CV-0892 (CKK) (dkt. no. 3); <u>Tohirjanovich v. Bush</u>, No. 05-CV-0994 (JDB) (dkt. no. 4); <u>Al-Khalaqi v. Bush</u>, No. 05-CV-0999 (RBW) (dkt. no. 3); <u>Kahn v. Bush</u>, No. 05-CV-1001 (ESH) (dkt. no. 3).

[4] The Court presumably would retain discretion to modify a stay of proceedings in a particular case should circumstances arise truly warranting a lifting of the stay.

by lifting or modifying stays that have already been entered. This scenario is exactly what Judge

Green aimed to avoid when she denied petitioners' motion to reconsider her order granting a stay

pending appeal "in light of the substantial resources that would be expended and the significant

burdens that would be incurred should this litigation go forward." See Order Denying Motion for

Reconsideration of Order Granting Stay Pending Appeal in In re Guantanamo Detainee Cases

(Feb. 7, 2005) (Green, J.).[5] Indeed, any proceedings in this case that are permitted to go forward

very likely would need to be revisited or relitigated, and may be shown to have been altogether

unnecessary, once the Court of Appeals provides guidance regarding handling of the habeas

claims of Guantanamo Bay detainees such as petitioner Al-Rubaish. Thus, in the interest of

efficiency of judicial and litigation resources, as well as to minimize administrative burdens, this

Court should hold proceedings in the above-captioned case in abeyance pending the outcome of

the appeals of the decisions by Judges of this Court in the other Guantanamo Bay detainee cases.

Petitioners also seek to have any stay entered in this case modified to allow for discovery.

While this is not an ordinary habeas case, even in an ordinary habeas case the Supreme Court has

commented that the type of discovery contemplated by the Federal Rules of Civil Procedure is

"ill-suited to the special problems and character of [habeas] proceedings." Harris v. Nelson, 394

U.S. 286, 296 (1969). In particular, the Supreme Court has observed that ordinary discovery

procedures tend to be "be exceedingly burdensome and vexatious" in the habeas corpus setting.

Id. at 297. "The burden upon courts, prison officials, prosecutors, and police, which is

_____

[5] In contrast to the obvious and tangible burdens of proceeding with this case while the
D.C. Circuit considers the appeals in In re Guantanamo Detainee Cases and Khalid, petitioners
point to nothing more than generalized, non-detainee-specific allegations or statements about the
justification for detention of detainees. See Pets' Opp. at 3.

necessarily and properly incident to the processing and adjudication of habeas corpus

proceedings, would be vastly increased; and the benefit to prisoners would be counterbalanced by

the delay which the elaborate discovery procedures would necessarily entail." Id.  Of course, the

governmental interests in avoiding such burdens are many times magnified here, where the

burdens and intrusions that are "vastly increased" by discovery would fall not on domestic police

and prison officials, but on servicemembers and commanders carrying out the U.S. Armed

Forces' constitutionally entrusted function of providing for the national defense.  It cannot be

seriously argued that what the Supreme Court called a "considerable tactical advantage" in

litigation and accordingly denied except in narrow circumstances to domestic habeas litigants

should be conferred on wartime detainees, especially based on no particularized showing of need

for such discovery in this case.[6]

 Petitioners' arguments for thirty days advance notice of Respondents' intent to remove

petitioner Al-Rubaish from Guantanamo Bay and a preservation order have already been

addressed by Respondents in separate pleadings, see Resps' Opp. to Pets' Mot. for Prelim. Inj.

Requiring Advance Notice of Transfer or Release (dkt. no. 10); Resps' Opp. to Pets' Mot. for

Preservation Order (dkt. no. 11), and petitioners' requests in this regard should be denied.  In

addition, petitioners cannot properly sidestep the requirements for obtaining such preliminary

injunctive relief merely by asking for such relief as a condition of a stay.  See Al-Anazi v. Bush,

---

 [6] The Harris Court held, in the end, that limited discovery might be appropriate in narrow circumstances in ordinary habeas cases, upon a showing of good cause.  Harris, 394 U.S. at 300. In the context of military detention of alien enemy combatants, any such showing of good cause would have to be significantly heightened because of the core separation-of-powers considerations and the military exigencies at stake.  In any event, no particularized showing of good cause for discovery has been made in this case.

6

370 F. Supp. 2d 188, 199 n.11 (D.D.C. 2005) (Bates, J.) ("if the petitioners cannot meet the

prerequisites of a motion for preliminary injunction (as the Court concludes), it is unlikely that

they should receive that same relief through the backdoor of a stay").[7]

## CONCLUSION

For the reasons stated in respondents' motion to stay proceedings pending related appeals,

and in this supporting reply memorandum, this Court should stay further proceedings in the

above-captioned case pending the appeals of Judge Leon's decision in Khalid, et al. and Judge

Green's January 31, 2005 decision in In re Guantanamo Detainee Cases and deny petitioners'

requested conditions on such a stay.

Dated:  December 5, 2005                        Respectfully submitted,

                                               PETER D. KEISLER
                                               Assistant Attorney General

                                               KENNETH L. WAINSTEIN
                                               United States Attorney

                                               DOUGLAS N. LETTER
                                               Terrorism Litigation Counsel

---

[7] Although petitioners also request that the Court condition a stay upon respondents'
submission of a factual return by December 23, 2005, the Court already ordered respondents to
submit a factual return in this case by this date, thus, no such "condition" is necessary. See
November 1, 2005 Order Directing Respondent to Show Cause (dkt. no. 2) ("within 45 days of
service of a copy of this Order and the accompanying Petition, respondent shall file and serve on
the petitioner a statement showing why the Writ of *Habeas Corpus* should not issue.").

____/s/ James J. Schwartz_____
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ (D.C. Bar No. 468625)
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7310
Washington, DC  20530
Tel:  (202)616-8267
Fax:  (202) 616-8202

Attorneys for Respondents

8