UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
YOUSEF ABDULLAH AL-RUBAISH     )
et al.,                        )
                               )
        Petitioners,           )
                               )
    v.                         )    Civil Action No. 05-1714 (RWR)
                               )
GEORGE W. BUSH et al.,         )
                               )
        Respondents.           )
_____)
```

**MEMORANDUM OPINION AND ORDER**

     Petitioners, a detainee at Guantanamo Bay Naval Base in United States custody and his father acting as next friend, seek to enjoin respondents from removing the detained petitioner from Guantanamo Bay Naval Base without providing 30 days' notice and obtaining court approval.  They also request that discovery commence immediately.  (Dkt. 6, 12.)  In addition, petitioners seek a preservation order requiring respondents to preserve and maintain all evidence, documents, and information, without limitation, now or ever in respondents' possession, custody or control regarding the detained petitioner.  (Dkt. 7.) Respondents oppose these motions in their entirety (Dkt. 10, 11) and have moved for a stay (Dkt. 8) pending resolution of the appeals in In re Guantanamo Detainee Cases, 355 F. Supp. 2d 443 (D.D.C. 2005), appeal docketed, No. 05-8003 (D.C. Cir. March 10, 2005), and Khalid v. Bush et al., 355 F. Supp. 2d 311 (D.D.C.

-2-

2005), appeal docketed sub nom. Boumediene v. Bush et al., No. 05-5062 (D.C. Cir. March 10, 2005).  Respondents also ask to be relieved of any obligation to file a factual return on the petition.  Respondents' motion for a stay will be granted in part and denied in part.  Petitioners' motion for a preliminary injunction will be granted in part and denied in part, and their motion for a preservation order will be granted.

## BACKGROUND

The petition for habeas corpus in this proceeding was filed by a citizen of Saudi Arabia acting on behalf of his son, also a Saudi citizen, who is detained at Guantanamo Bay in the custody of the United States.  (Dkt. 1.)  It alleges that while the detainee was in Pakistan with his younger brother, the two were taken into custody by trickery by Pakistanis who then delivered them to Americans for cash payment, that the Americans killed the younger brother on the spot, and have since detained petitioner for almost four years without justification.  The petition alleges that the detainee was not a member of the Taliban's forces or Al Quaeda, and never engaged in any efforts to harm American personnel or property.  Petitioners challenge the fact and duration of the detained petitioner's custody as violations of the Constitution or laws or treaties of the United States, matters that are cognizable under the general habeas statute. See Rasul v. Bush, 124 S. Ct. 2686, 2698 (2005) ("§ 2241 confers

-3-

. . . jurisdiction to hear petitioners' habeas corpus challenges to the legality of their detention at the Guantanamo Bay Naval Base"); Chatman-Bey v. Thornburgh, 864 F.2d 804, 807 (D.C. Cir. 1988) (challenges implicating the length of detention are cognizable on habeas corpus petitions). The petition also raises other complaints for which habeas relief has not been foreclosed, namely, that certain conditions petitioner faces in detention constitute violations of specific provisions of the Constitution, laws or treaties of the United States. See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) ("When a [state] prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal.") (citation omitted); Johnson v. Avery, 393 U.S. 483 (1969) (removing restraint on the habeas corpus petitioner's ability to assist fellow prisoners in writ-writing). This court issued an order requiring respondents to show cause in writing why a writ of habeas corpus should not issue. (Dkt. 2.)

## DISCUSSION

I.  **CONDITIONAL STAY OF PROCEEDINGS**

A primary purpose of a stay pending resolution of issues on appeal is to preserve the status quo among the parties. Washington Area Metro. Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 844 (D.C. Cir. 1977) (a stay pending appeal is

-4-

preventative or protective, and seeks to maintain the status quo pending a final determination of issues on appeal); see Warm Springs Dam Task Force v. Gribble, 417 U.S. 1301, 1310 (1974) (granting stay pending appeal to maintain the status quo between the parties).  A court may, in appropriate situations, specify protective conditions in balancing the hardship necessarily imposed on the party whose suit or execution of judgment has been stayed pending appeal.  Cooks v. Fowler, 459 F.2d 1269, 1272-73 & n.27 (D.C. Cir. 1971) (affirming condition of stay requiring tenant appealing judgment to deposit funds in court registry pending appeal); see also, City of Portland, Or. v. Federal Maritime Comm'n, 433 F.2d 502, 504 (D.C. Cir. 1970) (directing the proponent of a stay in a case challenging shippers' exclusion of one city's port from service to "be prepared to state reasons why this court should not impose a conditional stay requiring the rotation of service among the ports involved pending final review and determination"); Scott v. Scott, 382 F.2d 461, 462 (D.C. Cir. 1967) (discussing a stay of execution of judgment conditioned upon support payments); Center for Int'l Environmental Law v. Office of the U.S. Trade Rep., 240 F. Supp. 2d 21, 23 (D.D.C. 2003) (conditioning stay pending appeal on party seeking an expedited appeal).  Where, as here, the conditions imposed on the proponent of the stay are "neither heavy nor unexpected," imposing a protective condition is well within a court's

-5-

discretion.  Cooks v. Fowler, 459 F.2d at 249 (quoting Bell v. Tsintolas Realty Co., 430 F.2d at 482 (D.C. Cir. 1970) (stating "[w]e have little doubt that . . . [a court] may fashion an equitable remedy to avoid placing one party at a severe disadvantage during the period of litigation")).

> Therefore, here
>
> the court will "guard against depriving the processes
> of justice of their suppleness of adaptation to varying
> conditions." Landis v. North American Co., 299 U.S.
> 248, 256 (1936).  Coextensive with a district court's
> inherent power to stay proceedings is the power to
> craft a stay that balances the hardships to the
> parties.  Id. at 255 (noting concern regarding a stay
> causing "even a fair possibility . . . [of] damage to
> some one else."); see also Clinton v. Jones, 520 U.S.
> 681, 707 (1997) (noting that "burdens [to the parties]
> are appropriate matters for the District Court to
> evaluate in its management of the case.").

Al-Oshan v. Bush, Civil Action No. 05-520 (D.D.C. Mar. 31, 2005) (Urbina, J.) (Order, Dkt. # 12).

**II.   PRESERVATION OF EVIDENCE**

The Supreme Court's opinion in Harris v. Nelson, 394 U.S. 286 (1969), makes clear that the discovery provisions of the Federal Rules of Civil Procedure do not automatically apply in whole to federal habeas corpus proceedings.  Id. at 294 n. 5, 298-99.  Therefore, the preservation obligations that flow to a litigant from the federal discovery rules cannot be presumed to apply to habeas litigants absent some express application by a court.  Accordingly, a preservation order in habeas proceedings, particularly in proceedings such as these where there has been no

-6-

full disclosure of the facts on the public record that justify the challenged detention, is not superfluous or unnecessary.

Harris also makes clear that a district court's authority to issue orders pursuant to 28 U.S.C. § 1651 in aid of its fact-finding obligations in habeas corpus proceedings is intended to be flexible and should be exercised as the circumstances require for a proper and just disposition.

> [The Supreme Court has] held explicitly that the purpose and function of the All Writs Act to supply the courts with the instruments needed to perform their duty [to issue orders appropriate to assist them in conducting factual inquiries] . . . extend to habeas corpus proceedings.
>
> At any time in the [habeas corpus] proceedings, when the court considers that it is necessary to do so in order that a fair and meaningful evidentiary hearing may be held so that the court may properly "dispose of the matter as law and justice require," either on its own motion or upon cause shown by the petitioner, it may issue such writs and take or authorize such proceedings with respect to development, before or in conjunction with the hearing of the facts relevant to the claims advanced by the parties, as may be "necessary or appropriate in aid of [its jurisdiction] . . . and agreeable to the usages and principles of law."  28 U.S.C. § 1651.
>
> . . . Obviously, in exercising this power, the court may utilize familiar procedures, as appropriate, whether these are found in the civil or criminal rules or elsewhere in the "usages and principles of law."

394 U.S. at 299-300 (footnote omitted).  "[T]he power of inquiry on federal habeas corpus is plenary" and its exercise depends entirely on the circumstances.  Harris, 394 U.S. at 291.

-7-

The preservation order petitioners seek is tailored to preserve "documents and information in . . . [respondents'] possession" that may be "relevant to litigation or potential litigation or are reasonably calculated to lead to the discovery of admissible evidence."  Wm. T. Thompson Co. v. General Nutrition Corp., 593 F. Supp. 1443, 1455 (C.D. Cal. 1984). Documents reflecting treatment of detainees -- whether statements of official policy, cumulative evidence of specific practices, or something else -- may be probative of the treatment of petitioners or may lead to other probative evidence.  The requested order imposes no greater obligation on respondents than the federal discovery rules' preservation obligations impose on a litigant in a typical civil lawsuit.

## CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

ORDERED that respondents' motion (Dkt. 8) for a stay and relief from any obligation to file a factual return be, and hereby is, GRANTED in part and DENIED in part.  The proceedings in this case are STAYED pending resolution of the appeals pending before the United States Court of Appeals for the District of Columbia Circuit in In re Guantanamo Detainee Cases and Boumediene v. Bush et al., except that petitioners may seek emergency relief from this court in appropriate circumstances, such as when petitioners have reason to believe that they are

-8-

facing the possibility of continued detention at the request of the United States in a location that does not provide access to this court.  Given the conduct of combatant status review tribunals, respondent's request for relief from any obligation to file a factual return is DENIED and respondents remain under obligation to file a statement pursuant to the Show Cause Order that issued November 1, 2005.  It is further

ORDERED that petitioners' motion (Dkt. 6) to enjoin respondents from removing the detained petitioner from Guantanamo Bay Naval Base without notice and only after court approval be, and hereby is, GRANTED in part and DENIED in part.  Petitioners' request for notice of any removal of detained petitioner is GRANTED.  Respondents, their agents, servants, employees, confederates, and any persons acting in concert or participation with them, or having actual or implicit knowledge of this Order by personal service or otherwise, shall provide this court and petitioners or any counsel representing them with thirty days' advance written notice of any transfer or removal of the detained petitioner from United States custody at Guantanamo Bay.  Petitioners' motion for a preliminary injunction is DENIED in all other respects.  It is further

ORDERED that petitioners' motion (Dkt. 7) for a preservation order be, and hereby is, GRANTED.  Respondents shall preserve and maintain all evidence, documents and information, without

-9-

limitation, now or ever in respondents' possession, custody or control, regarding the detained petitioner in this case.

SIGNED this 13th day of December, 2005.

                                                           _____/s/_____
                                                           RICHARD W. ROBERTS
                                                           United States District Judge

Case 1:05-cv-01714-UNA   Document 16   Filed 12/14/2005   Page 9 of 9